**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

John Kennedy Hughey, Respondent/Petitioner,

v.

State of South Carolina, Petitioner/Respondent.

Appellate Case No. 2010-170387

―――――――――

Appeal From Abbeville County
The Honorable Alexander S. Macaulay, Circuit Court
Judge

―――――――――

Memorandum Opinion No. 2015-MO-029
Heard January 15, 2015 – Filed May 13, 2015

―――――――――

**DISMISSED AS IMPROVIDENTLY GRANTED**

―――――――――

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for Petitioner/Respondent.

E. Charles Grose, of Greenwood, and Tara Schulz Waters, of Summerville, for Respondent/Petitioner.

J. Christopher Mills, for Amicus Curiae, South Carolina Religious Leaders and Scholars.

---

**PER CURIAM:**  After careful review of the record, appendix, and briefs, the writs of certiorari are dismissed as improvidently granted.

**DISMISSED AS IMPROVIDENTLY GRANTED.**

**PLEICONES, BEATTY and HEARN, JJ., concur.  KITTREDGE, J., concurring in part and dissenting in part in a separate opinion in which TOAL, C.J., concurs.**

**JUSTICE KITTREDGE:**  I concur in part and dissent in part.  I concur as to the dismissal of John Kennedy Hughey's certiorari petition.  I dissent with respect to the dismissal of the State's certiorari petition, which, in effect, upholds the post-conviction relief court's grant of a new sentencing hearing based on the erroneous mercy charge.  I would reverse the post-conviction relief court and reinstate Hughey's death sentence.  I incorporate the well-reasoned opinion of Chief Justice Toal in *Evans v. State,* Op. No. 2015-MO-027 (S.C. Sup. Ct. filed May 13, 2015) (Toal, C.J., dissenting).

I add the following comments.  In 2009, I authored this court's unanimous opinion in *Rosemond v. Catoe*, 383 S.C. 320, 680 S.E.2d 5 (2009).  Rosemond was granted a new sentencing hearing based on trial counsel's failure to present any mental health mitigation evidence.  *Rosemond*, 383 S.C. at 329, 680 S.E.2d at 10. Rosemond also asserted the mercy charge—"you may recommend a sentence of life imprisonment for any reason or for no reason at all other than as an act of mercy"—as a basis for post-conviction relief.  *Id*.  We did not grant PCR based on the mercy charge, but clarified in dictum that the "other than as an act of mercy" language not be charged.  *Id*. at 330, 680 S.E.2d at 10–11.  I view the challenged instruction, in isolation, as potentially confusing, for it is susceptible to more than one interpretation.

This court never addressed the challenged mercy instruction in *Rosemond* in the context of the *Strickland v. Washington*[1] test.  *Id*. at 329–30, 680 S.E.2d at 10–11. Given that the charge in this case was affirmed on direct review fifteen years ago, I cannot fathom how it is proper for this Court to uphold the post-conviction relief court's finding of deficient representation.  *See State v. Hughey*, 339 S.C. 439, 459, 529 S.E.2d 721, 732 (2000) (reviewing the charge on mitigating circumstances, including the mercy charge, and concluding "a reasonable juror would understand that either a statutory or a non-statutory jury circumstance could reduce the sentence to life imprisonment").  The finding of deficient representation is clear legal error.  In any event, even were I to indulge in the fiction of deficient representation, Hughey cannot satisfy the prejudice prong of *Strickland*.  The trial court's instruction in *Hughey* was as follows:

> Now as I indicated to you, you'll also have a form which is a
> recommendation of a life sentence.  Now that particular form just
> simply states and sets forth that you twelve jurors have determined
> that a life sentence has been recommended in this case.  And as I've

---

[1] 466 U.S. 668 (1984).

said, you will have two separate forms. One relating to county [sic] one of the indictment, one relating to county [sic] two of the indictment.

By that recommendation-of-sentence form, you twelve jurors may recommend that the defendant be sentenced to life imprisonment. Please note that while a recommendation of a life imprisonment sentence must also be a unanimous decision by the jury, only the foreman is required to sign his name to that recommendation-of-sentence form.

In arriving at your decision as to what the appropriate sentence would be in this cases [sic], you are instructed that you must also consider any statutory mitigating circumstances. Therefore, what is a statutory mitigating circumstance?

It is a fact, an incident, a detail, or an occurrence which the state legislature has declared by statute to be a circumstance which may make less or reduce the severity of the crime of murder. It is a circumstance which may be considered as mitigating or extenuating the degree of moral culpability for the commission of the offense of murder.

A mitigating circumstance is neither a justification nor an excuse for the crime of murder. It is simply something which may lessen the degree of the defendant's guilt or make the defendant less blameworthy or less culpable.

In making your determination as to whether or not to recommend a sentence of death or a sentence of life imprisonment, you should consider the following statutory mitigating circumstances. The following statutory mitigating circumstances are set forth on your statutory instruction form. They are the same as to each of the counts of the indictment.

Those statutory mitigating circumstances are: The defendant has no significant history of prior criminal conviction involving the use of violence against another person, two, the murder was committed while the defendant was under the influence of a mental or an emotional disturbance, and three, the age or mentality of the defendant at the time of the offense.

Now you are also permitted under the law to consider, anesthesia [sic] you should consider, any non-statutory mitigating circumstances which have been shown to exist by the evidence in the case.

A non-statutory mitigating circumstance is one which is not provided for by statute, but is one which the defendant contends serves the same purpose. That is to lessen or reduce the degree of the defendant's guilt in the commission of the crime of murder.

Those that the defense contends should be considered are: any prior good acts of the defendant, the defendant's level of intellectual functioning whether as a natural consequence of his birth or as a result of physical and/or emotional trauma suffered as a child or as an adult, and any other evidence relating to a mitigating circumstance which you find to be appropriate and which you find to have been established by the evidence in the case.

Now while there must be some evidence which supports a finding by you of the existence of one or more statutory or non-statutory mitigating circumstances, it is not necessary that you find the existence of such of a circumstance or circumstances beyond a reasonable doubt. And you may recommend a sentence of life imprisonment and [sic] whether or not you find the existence of a statutory or non-statutory mitigating circumstance.

In making your determination as to which sentence to recommend in these cases, you should consider the statutory aggravating circumstances, the statutory mitigating circumstances, and any non-statutory mitigating circumstances in arriving at your decision.

While you must find the existence of at least one statutory aggravating circumstance beyond a reasonable doubt before you may consider recommending a sentence of death, once such a finding is made you are permitted to recommend the sentence of death even though you may also find the existence of one or more statutory or non-statutory mitigating circumstances.

The existence of any statutory or non-statutory mitigating circumstance is not a bar to the recommendation of a death sentence so long as you have found the existence of at least one statutory aggravating circumstance beyond a reasonable doubt.

Conversely, you may also recommend a sentence of life imprisonment even though you find at least one statutory aggravating circumstance beyond a reasonable doubt, and find no mitigating circumstances do existence [sic]. Simply stated, you may recommend a sentence of life imprisonment for any reason or for no reason at all other than as an act of mercy.[2]

In my judgment, the analysis here is no different than Chief Justice Toal articulated in *Evans*:

> [T]he ultimate test to determine the propriety of the trial judge's charge is "what a reasonable juror would have understood the charge to mean" in the context of the *entire* jury instruction. *State v. Bell,* 305 S.C. 11, 16, 406 S.E.2d 165, 168 (1991); *see also, e.g., State v. Hicks*, 330 S.C. 207, 218, 499 S.E.2d 209, 215 (1998) ("A jury instruction must be viewed in the context of the overall charge.").
>
> Here, Evans contests one sentence of a lengthy charge that instructed the jury to consider all statutory and non-statutory mitigating factors in arriving at their verdict. In my opinion, the rest of the instruction, the emphasis placed on mercy by both the State and the defense, the trial judge's general opening explanation of mitigation and aggravation to the jury, and the unremarkable position of the condemned instruction in the context of the overall charge, all combine to preclude a finding of prejudice. Under these facts, a reasonable juror unquestionably would have been aware that he or she could recommend life as an act of mercy. Thus, it is my opinion that Evans has not proven that he was prejudiced by the defective instruction; consequently, his *Strickland* argument must fail.

---

[2] Unlike the transcript in *Binney v. State*, Op. No. 2015-MO-028 (S.C. Sup. Ct. filed May 13, 2015), the transcript here contains no comma between the word "all" and the word "other." The absence of a comma, and the assumed absence of a pause in the reading of the sentence to the jury, does not change my view that the jury charge, when considered in its entirety, conveyed to the jury that it could recommend a life sentence merely as an act of mercy. Although we commonly find typographical errors in transcripts, an appellate court must accept the transcript as presented. I observe that the *Hughey* transcript contains far more errors than the *Binney* transcript. It would be regrettable, indeed, if an otherwise error-free death penalty verdict is set aside due to sloppy transcription.

*Evans v. State*, *Supra* (Toal, C.J., dissenting).

I agree with Chief Justice Toal's dissenting opinion in *Evans*, and I would reverse the grant of post-conviction relief to Hughey.

**TOAL, C.J., concurs.**